UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW H. FARRAR,<br><br>　　　Plaintiff,<br><br>　　　　v.<br><br>ROBERT L. WILKIE, *et al.*,<br><br>　　　Defendants. | Civil Action No. 18-1585 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Andrew H. Farrar believes that his former employer, the Department of Veterans Affairs, discriminated against and ultimately fired him. He has a series of grievances that he brings under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act. Defendants now move to dismiss on the ground that Farrar has failed to state a claim upon which relief can be granted. Because Plaintiff's allegations are indeed far too cursory, the Court will grant the Motion, but give him a chance to cure the defects with an Amended Complaint.

**I.　Background**

Farrar worked for the VA from March 27, 2011, until August 4, 2017. See ECF No. 1 (Complaint), ¶ 13. The second paragraph of his Complaint contains virtually all of his relevant factual allegations, so it is worth quoting in full:

> Plaintiff prays for relief from this court from discriminatory employment actions taken against Plaintiff by the Department of Veterans Affairs (herein, DVA or Defendant). Plaintiff asserts Defendant refused to provide effective reasonable accommodation for the functional limitations of Plaintiff's disability, Defendant denied Plaintiff equal opportunities to income including opportunities to earn overtime and performance awards, and dictated unequal terms and conditions of employment on the basis of Plaintiff's opposition to employment discrimination and on the basis of Plaintiff's disability. Plaintiff further asserts that Defendant denied Plaintiff equal opportunity for promotion, other career advancements and

1

> for employment at the GS-14 pay level. Additionally, in retaliation for opposing employment discrimination and on the basis of disability, Defendant fomented a hostile work environment, physically intimidated, relentlessly threatened, harassed, and unjustly punished Plaintiff. Defendant perpetrated a protracted campaign lasting several years and constantly shuffled managerial employees in an effort to obscure the roles of the employees who sought to intentionally discriminate against Plaintiff. Defendant's abusive and discriminatory conduct culminated on August 4, 2017 when Defendant deprived Plaintiff of his tenured federal career.

Id., ¶ 12. In describing his disability, he states that it is "a mental disability that impairs major life activities; a chronic adjustment disorder other than post-traumatic stress disorder." Id., ¶ 2 n.1. Here, unfortunately, the pertinent facts end. Farrar devotes the rest of his Complaint to providing very detailed facts about the structure of the VA's administration and the employment history of various Defendants, but does not offer any other facts about the alleged discriminatory conduct, his disability, or the connection between the two. Id., ¶¶ 3-56.

Perhaps aware of the abbreviated nature of his pleading, he appears to have planned to amend his Complaint. In fact, his "Statement of Claim" section reads in its entirety: "Specific allegations of unlawful discrimination supported by enumerated indisputable material facts are forthcoming." Id., ¶ 57. The Court also previously granted Defendants an extension of time to respond, noting that Farrar might well amend his Complaint. See Minute Order (May 10, 2019). Plaintiff, however, has submitted no such amendment. Defendant's Motion to Dismiss is thus now ripe for the Court's consideration.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss any count of a complaint that fails "to state a claim upon which relief can be granted." At the motion-to-dismiss stage, the factual allegations presented in a complaint must be presumed true and should be liberally construed in the plaintiff's favor. See Browning v. Clinton, 292 F.3d 235, 242 (D.C.

2

Cir. 2002). Although pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and there must be "more than a sheer possibility that a defendant has acted unlawfully." Id.

## III. Analysis

Given Farrar's *pro se* status, the Court must construe his Complaint liberally. See Turner v. Corr. Corp. of Am., 56 F. Supp. 3d 32, 35 (D.D.C. 2014). Even so, he has failed to provide enough to state a claim upon which relief can be granted. In order to overcome a motion to dismiss on a discrimination claim, he need not plead all elements of a *prima facie* case in his Complaint, see Gordon v. U.S. Capitol Police, 778 F.3d 158, 161–62 (D.C. Cir. 2015), but he still must give the Court enough facts about "what . . . [,] who . . . [,] and how" that make such a claim plausible. Arnold v. Speer, 251 F. Supp. 3d 269, 273 (D.D.C. 2017). Discrimination complainants, moreover, must connect "the adverse actions of which [they] complain[]" to allegations of discrimination. Id. Likewise, a plaintiff with a reasonable-accommodation claim cannot succeed without alleging "what accommodations he needs, were requested, and were denied." Sindram v. Kelly, 2008 WL 3523161, at *4 (D.D.C. Aug. 13, 2008).

Farrar, however, has not given the Court any facts about the adverse employment action or alleged any facts connecting it to his disability. Neither has he alleged what accommodation

3

he needed, requested, and was unreasonably denied. For these reasons, he has failed to present facts in the Complaint "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The paucity of facts means that the Court cannot conclude that VA misconduct is more than a "sheer possibility." Iqbal, 556 U.S. at 678.

Because Plaintiff, now instructed, may be able to allege facts sufficient to state a claim — at least as to some of his grievances — the Court will give him an opportunity to amend. Instead of dismissing the entire action, the Court will dismiss only the Complaint and give Farrar another chance to make the showing set out above. See Ciralsky v. CIA, 355 F.3d 661, 666–67 (D.C. Cir. 2004) (examining difference between dismissing complaint and entire action).

If Plaintiff decides to amend his Complaint, he should be aware of a number of other particular issues. First, in Title VII suits, "[t]he only proper defendant . . . is the head of the department, agency, or unit in which the allegedly discriminatory acts transpired." Hackley v. Roudebush, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975) (internal quotation marks and citations omitted). The rule is the same for claims under the Rehabilitation Act. See Paegle v. Dep't of Interior, 813 F. Supp. 61, 64 n.2 (D.D.C. 1993); accord Buie v. Berrien, 85 F. Supp. 3d 161, 171 (D.D.C. 2015); Norris v. Salazar, 885 F. Supp. 2d 402, 413 (D.D.C. 2012). Many of the Defendants in this case who are not agency heads are likely improperly named.

Second, his specific causes of action require more detail. For example, in a reasonable-accommodation claim, an employer cannot refuse to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [it] can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). Farrar will need to include facts to plausibly suggest that the employer

4

knew of his mental limitations, what accommodations he was seeking, and why the VA failed to make these accommodations.

To make out a hostile-work-environment claim, similarly, a plaintiff must allege that he faced "discriminatory intimidation, ridicule, and insult" that was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Ayissi–Etoh v. Fannie Mae, 712 F.3d 572, 577 (D.C. Cir. 2013) (quoting Harris v. Forklift Syst., Inc., 510 U.S. 17, 21 (1993)). To do so, "Plaintiff[] must specifically allege . . . in which ways" he suffered from a hostile environment. Poole v. U. S. Gov't Publ'g Office, 219 F. Supp. 3d 80, 85 (D.D.C. 2016). Farrar will need to offer specific acts that constitute such harassment or ridicule.

Likewise, to make out a retaliation claim, "a plaintiff must show that (1) he engaged in statutorily protected activity, (2) the employer was aware of the activity; (3) the plaintiff suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action." Duncan v. Washington Metro. Area Transit Auth., 214 F.R.D. 43, 50 (D.D.C. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). At the pleading stage, the Court at least needs information about "which retaliatory acts were directed at . . . Plaintiff[] and when." Poole, 219 F. Supp. 3d at 84.

Finally, Farrar should be aware of potential exhaustion issues here, some of which may be jurisdictional. The Rehabilitation Act requires that plaintiffs, before bringing a case, first exhaust their administrative remedies. See, e.g., Williams v. Brennan, 320 F. Supp. 3d 122, 127–28 (D.D.C. 2018), aff'd, 2019 WL 669716 (D.C. Cir. Feb. 12, 2019). Some courts in this district, moreover, have ruled that exhaustion can be jurisdictional. See Ramsey v. Moniz, 75 F. Supp. 3d 29, 41–42 (D.D.C. 2014); see also Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006)

("Here jurisdiction depended on the 'final disposition of [an administrative] complaint.' Since there was no administrative complaint and thus no final disposition of one, the district court lacked jurisdiction.") (citation omitted); but cf. Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843 (2019) (holding that Title VII exhaustion not jurisdictional). As a result, the parties should be on notice that exhaustion might become relevant during their next go-round.

## IV. Conclusion

For the foregoing reasons, the Court will issue a separate Order granting Defendant's Motion to Dismiss without prejudice, but permitting Plaintiff to file an Amended Complaint setting out his claims with greater specificity.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: July 11, 2019